UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA MAYA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19-cv-01704 |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| INPAX SHIPPING SOLUTIONS INC ) | **JURY DEMANDED** |
| and SHIPINPAX, LLC, ) | |
| ) | |
| Defendants. ) | |

Now comes the Plaintiff, DIANA MAYA ("Plaintiff"), by and through her attorneys and for her Complaint against the Defendants, INPAX SHIPPING SOLUTIONS INC and SHIPINPAX, LLC (collectively referred to as "Defendants"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable and injunctive relief for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., as amended.

2. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

   a. Plaintiff filed a Charge of Discrimination, number 440-2018-04258, with the Equal Employment Opportunity Commission ("EEOC") on March 26, 2018.

   b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on December 11, 2018.

**PARTIES**

3. Plaintiff is an individual who at all relevant times resided in Chicago, Illinois.

4. On information and belief, Defendant INPAX SHIPPING SOLUTIONS INC is a corporation of the State of Georgia, which is not licensed to do business in Illinois, and whose principal place of business is located in Atlanta, Georgia.

5. On information and belief, Defendant SHIPINPAX, LLC is a limited liability company of the State of Georgia, which is not licensed to do business in Illinois, and whose principal place of business is located in Atlanta, Georgia.

6. Plaintiff and Defendants are "persons" as defined in 42 U.S.C. § 2000e(a).

7. Defendant is an "employer" as defined in 42 U.S.C. § 2000e(b), as, on information and belief, it engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

8. Plaintiff was an "employee" as defined in 42 U.S.C. § 2000e(f) as she was an individual employed by an employer, the Defendant.

9. The discrimination complained of herein was done so "on the basis of sex" as defined in 42 U.S.C. § 2000e(k) as it was done because of or on the basis of pregnancy and/or childbirth.

### JURISDICTION AND VENUE

10. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

### BACKGROUND FACTS

12. Plaintiff began her employment with Defendants during or about November of 2017.

13. Plaintiff's most recent position with Defendants was as a delivery driver.

14. On or about November 30, 2017, Plaintiff informed her shift manager that she was pregnant and that she was due to give birth on March 2, 2018.

15. Plaintiff also provided her shift manager with a note from her doctor requesting a reasonable accommodation that Plaintiff not be required to lift anything over 10 pounds in weight.

16. Plaintiff's shift manager initially agreed to Plaintiff's reasonable accommodation request, but instructed her to speak with her shift supervisor for more details.

17. Later that same day, Plaintiff's shift supervisor, Shaumonte (last name unknown), told Plaintiff to clock out and leave for the day, and not to return unless she was released to work without the accommodations.

18. Shaumonte also told Plaintiff she could reapply for employment with Defendants one month before Plaintiff's baby was due.

19. Defendants terminated Plaintiff's employment because of her pregnancy on or about December 1, 2017, after the aforementioned conversation between Plaintiff and Shaumonte.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

20. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 19 above as if reiterated herein.

21. Defendants, in violation of 42 U.S.C. § 2000e, have denied and continue to deny Plaintiff an equal opportunity for employment due to her gender, female, as a result of Plaintiff's pregnancy.

22. Pursuant to 42 U.S.C. § 2000e(k), "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes…."

23. During Plaintiff's employment with Defendants, and when Plaintiff was terminated by Defendants, she was subjected to gender discrimination in that her supervisor discriminated against her and terminated her due to her gender and her pregnancy.

24. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents and/or authorized representatives of Defendants.

25. Defendants, through their employees, agents and/or authorized representatives, knew that their termination and discriminatory treatment of Plaintiff because of her gender and pregnancy violated Title VII.

26. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of her gender and/or pregnancy with respect to compensation, terms conditions and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because of her gender and/or pregnancy. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that Plaintiff would have received but for Defendants' unlawful and illegal discriminatory acts and practices.

27. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

Wherefore, Plaintiff DIANA MAYA, respectfully prays this Honorable Court enter judgment against Defendants, INPAX SHIPPING SOLUTIONS INC and SHIPINPAX, LLC, as follows:

  a. Declaring the Defendants' practices complained of herein unlawful and in violation of Title VII;

  b. Permanently enjoining Defendants, their agents, successors, officers, employees, representatives, attorneys and those acting in concert with them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

  c. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendants will not continue to discriminate on the basis of gender and/or pregnancy.

  d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory practices of Defendants, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory practices of Defendants, or awarding Plaintiff front-end and future pay;

  e. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory practices of Defendants;

  f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendants;

  g. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees;

  h. Awarding Plaintiff compensatory and punitive damages for Defendants' willful conduct; and

  i. Granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

DIANA MAYA

By: /s/ David B. Levin
   Attorney for Plaintiff
   Illinois Attorney No. 6212141
   Law Offices of Todd M. Friedman, P.C.
   333 Skokie Blvd., Suite 103
   Northbrook, IL 60062
   Phone: (224) 218-0882
   Fax: (866) 633-0228
   dlevin@toddflaw.com